UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| REVEREND FRANKLIN C. REAVES, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> LEVONE GRAVES, individually; MISTY ) <br> LEWIS, individually; RUSSELL BASS, ) <br> individually; and CHARLES WATSON, ) <br> individually, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 4:04-1543-TLW-TER <br><br><br><br> REPORT AND RECOMMENDATION |

This matter is before the court on defendants' motion for summary judgment (doc. #20) filed March 28, 2005.

Plaintiff filed his original complaint on May 14, 2004. On March 28, 2005, defendants Levone Graves and Misty Lewis (hereinafter "defendants") filed a motion for summary judgment along with a supporting memorandum of law. Because the plaintiff is proceeding pro se, he was advised on or about April 28, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter affidavits could result in dismissal of his complaint. The plaintiff filed a response on May 31, 2005. (Doc. #24).

## I. FACTS/ARGUMENTS

Plaintiff asserts that defendants violated his Civil Rights by depriving him of his real property

-1-

under color of state law. Plaintiff alleges that defendants acted beyond the scope of their official duties in violation of his secured and protected constitutional rights. Plaintiff alleges that defendants defamed his character by taking physical possession of the real property he owned and evicting his daughter and grandchildren. Basically, plaintiff asserts that he had been deeded the ownership in the property located at 906 North Street, Mullins, South Carolina, by his father and defendants wrongfully evicted his daughter from the property.

Defendants allege that on April 28, 2004, Willie Dean Reaves, plaintiff's ex-wife, came before the Marion County Magistrate's Court seeking an order ejecting Kathy Reaves, the daughter of Ms. Reaves and plaintiff, from her home at 906 North Smith Street in Mullins, South Carolina. (Affidavit of Levone Graves). Graves states that Ms. Reaves attested that she was the rightful owner of the property, that she had instructed Kathy Reaves to leave the property, and that Kathy Reaves had refused to do so. Graves asserts that based on Ms. Reaves' testimony, he issued a notice for Rule to Show Cause hearing directing Kathy Reaves to come before the magistrate's curt on April 29, 2004, to present reason why she should not be ejected from the property.

Defendants submitted the affidavit of Misty Lewis who attests that she is the Constable and that she served the notice of the Rule to Show Cause hearing on Kathy Reaves that same day. Graves states that on April 29, 2004, he held a telephonic Rule to Show Cause hearing at which time he determined that Kathy Reaves had not been provided sufficient time to respond to the Rule to Show Cause. Therefore, Graves attests that he continued the hearing until May 10, 2004, and issued another notice which was served by mail. (Graves' affidavit).

On May 10, 2004, Chief Magistrate Judge Graves attests that he presided over the Rule to Show Cause hearing at which time Kathy Reaves maintained that her father, the plaintiff, owned the

-2-

property, and that her mother had no authority to force her to leave. (Graves' aff.). Kathy Reaves produced the Order issued by the family court regarding her mother and father in support of her position. The Family Court Order awarded possession of the residence at 906 North Smith Street in Mullins, South Carolina, to Ms. Reaves. (Graves' aff.).  Therefore, based on the evidence submitted at the hearing, Graves attests that he determined that Ms. Reaves had the authority to request that Kathy Reaves leave the property and that Kathy Reaves had refused to leave despite being ordered to do so by Ms. Reaves. Chief Magistrate Graves attests that he, therefore, issued a Writ of Ejectment directing Kathy Reaves to vacate the premises at 906 Smith Street, Mullins, South Carolina, within 24 hours. (Graves' aff.).

Constable Lewis attests that on May 11, 2004, she executed the Writ of Ejectment as instructed by the court and requested the assistance of the City of Mullins police officers since the property is located in the City of Mullins. (Lewis Aff.). Lewis attests that she and the Mullins police officers simply presented Kathy Reaves with the court's order, and ensured that she left the property in accordance with the Writ of Ejectment. (Lewis aff.).

## II.  STANDARD OF REVIEW

Defendants filed their motion for summary judgment pursuant to Rule 56, FRCP.  Because defendants are the moving party, they bear the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Rule 56(c), FRCP; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof.  <u>Celotex</u>,

477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

### III.  ANALYSIS

Defendants contend that they are entitled to summary judgment on the grounds that plaintiff lacks standing to bring this action. Defendants argue that plaintiff's complaint nor the evidence in the record establish that the plaintiff possesses standing to prosecute this action. Defendants contend that plaintiff never had any dealings, insofar as this particular matter is concerned, with Chief Magistrate Graves, Constable Lewis, or the other defendants. Defendants assert that plaintiff's complaint is that his daughter was improperly ejected from the property which he claims he owns. Defendants argue that plaintiff "has alleged no personal injury in fact arising from the actions of the defendants, instead, he is attempting to rest his claims on the alleged invasion of the rights of a third

party." (Def. Memorandum p. 4).

In response to the motion for summary judgment, plaintiff asserts that "the real party in interest is the person who has the right to sue under the substantive law. In general, it is the person holding title to the claim or property involved, as opposed to others who may be interested in or benefit by the litigation." (Def. Response p. 3). Plaintiff argues in opposition as follows:

> The Plaintiff Reverend Franklin C. Reaves had ownership rights to the real property located at 906 North Smith Street, Mullins, South Carolina. Plaintiff Reverend Franklin C. Reaves' complaint is that he was deprived of secured and protected fundamental constitutional rights to his real property by defendants . . . This, however, is sufficient as a matter of law to establish standing, and defendants' claim that plaintiff lacks standing for summary judgment should be denied.

(Def. Memorandum p. 6).

The right to proceed *pro se* in civil actions is guaranteed by 28 U.S.C. 1654 (2000). However, "a person ordinarily may not appear *pro se* in the cause of another person or entity." Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir.1997). To demonstrate standing, plaintiff must allege personal injury fairly traceable to defendants' allegedly unlawful conduct and likely to be redressed by requested relief. Allen v. Wright, 468 U.S. 737, 751 (1984).

The undersigned finds that plaintiff has failed to show personal injury. The Family Court Order that was presented to the Magistrate Graves at the hearing does not indicate that either party owned the property where the marital home was located. The Family Court Judge ordered September 27, 1988, as follows: "The wife shall have use and possession of the marital home as long as she can do so peacefully. If the landowner requires her to move, she will move, but she will be entitled to file a petition for increase in alimony at that time. I consider the use of the home to be an incident

of her support." (See doc. # 24-2, attached to plaintiff's memorandum in opposition).

Based on the allegations in the complaint and the evidence submitted, the undersigned finds that plaintiff lacks standing to bring this action in that he has not shown any personal injury as a result of his daughter being evicted from the marital home that his wife was awarded possession of by the family court. [1] Therefore, it is recommended that defendants' motion for summary judgment be granted and this action dismissed.

In the alternative, the undersigned will discuss defendants' other two arguments in their motion for summary judgment.

### IV.  JUDICIAL IMMUNITY

Defendants assert that Chief Magistrate Graves is entitled to judicial immunity. Defendants assert that Graves performed judicial acts only which were clearly within his subject matter jurisdiction, as conferred by statute, to perform. Defendants argue that even if Graves was in error in issuing the Writ of Ejectment, he is still entitled to absolute judicial immunity since he acted in a judicial capacity and with subject matter jurisdiction.

The doctrine of judicial immunity precludes any claim against Marion County Magistrate Judge Levone Graves by reason of his judicial acts.  *See* Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987); and Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985).   Judicial immunity is a threshold question which requires summary dismissal.  Siegert v. Gilley, 500 U.S. 226 (1991); and Mitchell v. Forsyth,

---

[1] Based on a copy of the deed submitted by plaintiff in this action, the property was deeded to plaintiff and Ms. Reaves in 1990 by Franklin Reaves' father.

472 U.S. 511, 526 (1985). A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in clear absence of all jurisdiction. Stump v. Sparkman, supra. The Court in Stump cited the case of Bradley v. Fisher, 13 Wall. 335, 351, 20 L.Ed. 646 (1872), with regard to explaining the difference between no jurisdiction and excess jurisdiction:

> In *Bradley*, the Court illustrated the distinction between lack of jurisdiction and excess of jurisdiction with the following examples: if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Id.*, at 352.

It is apparent that plaintiff seeks damages from Magistrate Graves simply because he held the Rule to Show Cause hearing and issued the Writ of Ejectment. In his response in opposition to the motion for summary judgment, plaintiff argues that Magistrate Graves did not have jurisdiction over the matter and thus, is not entitled to immunity. Plaintiff argues that magistrates in South Carolina have no jurisdiction "when the title to real property shall come in question, except as provided in Article II of this chapter. S.C. Code Ann. §22-3-20." (Plaintiff's brief p. 7). Plaintiff contends that defendant Chief Magistrate Graves performed judicial acts which were clearly not within his jurisdiction, as conferred by statute to perform. Plaintiff argues that "[c]learly, Defendant Chief Graves determined a civil action in which magistrate has no jurisdiction under South Carolina Code of Law, Section 22-3-20. Section 22-3-20 of the South Carolina Code provides that no magistrate shall have cognizance of civil action in which the title to real property shall come in question, except as provided in sections 22-3-1110 to 22-3-1180. As a matter of law, Defendant

-7-

Chief Graves' action was taken completely absence of all jurisdiction of authority granted under South Carolina law." (Plaintiff's memorandum p. 8-9).

A review of §22-3-20 of the South Carolina Code reveals the following:

> 22-3-20. Civil actions in which magistrate has no jurisdiction.
>
> No magistrate shall have cognizance of a civil action:
>
> (1) In which the State is a party, except an action for a penalty and not exceeding one hundred dollars; or
> (2) When the title to real property shall come in question, except as provided in Article 11 of this chapter.

Article II of this chapter contains §§22-3-1110 to 22-3-1180. These are set out as follows:

> § 22-3-1110. Defense of questionable title in defendant's answer.
>
> When the title to real property shall come in question in an action brought in a court of a magistrate the defendant may, either with or without other matter of defense, set forth in his answer any matter showing that such title will come in question. Such answer shall be in writing, signed by the defendant or his attorney, and delivered to the magistrate. A copy of such answer shall be served on the plaintiff or his attorney.
>
> § 22-3-1120. Written undertaking by defendant in cases where title to real property will come in question.
>
> At the time of answering the defendant shall deliver to the magistrate a written undertaking, executed by at least one sufficient surety and approved by the magistrate, to the effect that if the plaintiff shall within twenty days thereafter deposit with the magistrate a summons and complaint in an action in the circuit court for the same cause the defendant will within twenty days after such deposit give an admission in writing to the service thereof.
>
> When the defendant was arrested in the action before the magistrate the undertaking shall further provide that he will at all times render himself amenable to the process of the court during the pending of the action and to such as may be issued to enforce the judgment therein. In case of failure to comply with the undertaking the surety shall be

liable for not exceeding one hundred dollars.

§ 22-3-1130. Action discontinued upon delivery of undertaking; costs.

Upon the delivery of the undertaking to the magistrate the action before him shall be discontinued and each party shall pay his own costs. The costs so paid by either party shall be allowed to him if he recover costs in the action to be brought for the same cause in the circuit court. If no such action be brought within thirty days after the delivery of the undertaking the defendant's costs before the magistrate may be recovered of the plaintiff.

§ 22-3-1140. Procedure if undertaking shall not be given.

If such an undertaking be not delivered to the magistrate he shall have jurisdiction of the cause and shall proceed therein and the defendant shall be precluded, in his defense, from drawing the title in question.

§ 22-3-1150. Effect of plaintiff's showing developing an issue of title.

If, however, it appear on the trial from the plaintiff's own showing that the title to real property is in question and such title shall be disputed by the defendant the magistrate shall dismiss the action and render judgment against the plaintiff for the costs.

§ 22-3-1160. Defense of questionable title as to one of several causes of action.

If, in an action before a magistrate, the plaintiff have several causes of action, to one of which the defense of title to real property shall be interposed, and as to such cause the defendant shall deliver an answer and undertaking, as provided in §§22-3-1110 and 22-3-1120, the magistrate shall discontinue the proceedings as to that cause and the plaintiff may commence another action therefor in the circuit court. As to the other causes of action the magistrate may continue his proceedings.

§ 22-3-1170. New action in circuit court after discontinuance by

>delivery of answer and undertaking.
>
>When a suit before a magistrate shall be discontinued by the delivery of an answer and undertaking, as provided in §§ 22-3-1110 to 22-3-1130, the plaintiff may prosecute an action for the same cause in the circuit court.
>
>22-3-1180. Costs in circuit court action.
>
>If the judgment in the circuit court be for the plaintiff, he shall recover costs. If it be for the defendant, he shall recover costs, except that upon a verdict he shall pay costs to the plaintiff unless the judge certify that the title to real property came in question on the trial.

Based on a review of the Code Sections as set out above, Magistrate Graves did not act in clear absence of all jurisdiction. Plaintiff alleges that he was deeded the property at 906 N. Smith Street, Mullins, South Carolina in 1990 by his father and attached a copy of the deed to his memorandum as exhibit A. However, a review of that deed reveals that it was deeded to plaintiff and Ms. Reaves. Further, plaintiff claims that he has an appeal currently pending regarding this property in the Twelfth Judicial Circuit which he filed in November 2003. However, there is no evidence that this information was brought to the attention of Magistrate Judge Graves. Additionally, the action that was brought before Magistrate Graves pertained to an ejectment by a person, who appeared to have rightful possession of the property based on the Family Court Order, of a third party.[2]

Even, assuming *arguendo*, that Magistrate Graves did not have jurisdiction to issue the Writ

---

[2] Therefore, this action was an ejectment proceeding over which a magistrate judge has jurisdiction. The proceeding did not involve deciding title of land but was a summary proceeding to which the magistrate had jurisdiction. See State ex rel. O'Neale v Fickling (1878) 10 SC 301. State ex rel. Nesbitt v Marshall (1884) 24 SC 507. Swygert v Goodwin (1890) 32 SC 146, 10 SE 933 Metropolitan Life Ins. Co. v Stuckey (1940) 194 SC 469, 10 SE2d 3.

of Ejectment in this action, he did not act in clear absence of all jurisdiction but only acted in excess of his jurisdiction and would still be immune. Stump, supra.

Based on the above discussion, it is recommended that defendants' motion for summary judgment be granted on this issue.

## V. QUASI-JUDICIAL IMMUNITY

Defendants assert that Constable Lewis is entitled to Quasi-judicial Immunity. Defendants argue that under South Carolina law, a magistrate's constable, such as Constable Lewis, is "bound when required, to execute every lawful order, judgment, and determination of the magistrate or his court. S. C. Code Ann. §22-9-80." (Def. Memo). Defendants contend that Constable Lewis' involvement in this action was limited to executing the facially valid Writ of Ejectment issued by Marion County Magistrate's Court.

Plaintiff argues in his response in opposition that on May 11, 2004, he served a Notice of Appeal related to the ejectment on Willie Dean Reaves at 906 North Smith Street in Mullins. Plaintiff argues that the Notice of Appeal stays a court order in an inferior court so that Constable Lewis should not have served the Writ of Ejectment. Therefore, plaintiff contends that "Defendant Constable Lewis acted without authority of law, was therefore, acting under color of state law in depriving Plaintiff Reverend Franklin C. Reaves of his protected and secured constitutional rights." Thus, plaintiff argues that Constable Lewis is not entitled to absolute, quasi-immunity.

Absolute, quasi-judicial immunity extends to non-judicial officer performing tasks so integral or intertwined with the judicial process that these personal are considered an arm of the judicial officer who is immune. Officials of state agencies who function in quasi-judicial roles are immune.

-11-

*Douglas v. Muncy,* 570 F.2d 499 (4th Cir.1978). The Court in Taylor v. U.S. of SC Bankruptcy Court, 2004 WL 3217865 (D.S.C.) Stated the following:

> As noted by the Seventh Circuit in *Kincaid v. Vail,* 969 F.2d 594 (7th Cir.1992), quasi-judicial immunity was adopted and made applicable to court support personnel out of "the 'danger that disappointed litigants, blocked by the doctrine of judicial immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts....'" *Id.* at 601 (quoting *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir.1989)); *see also Carter v. State of South Carolina,* No. 6:99-3876- 20AK, 1999 U.S. Dist. LEXIS 21930 (D.S.C. Dec. 7, 1999).

Id.

A review of South Carolina Code § 22-9-80 reveals the following:

> § 22-9-80. Execution of process and return.
> A constable shall faithfully and promptly:
>
> (1) Execute all processes lawfully directed to him by competent authority; and
>
> (2) Make return, on oath, to the person issuing the process, to be endorsed in writing on it, of his proceedings by virtue of it.

In this case, plaintiff clearly complains of activities undertaken by Constable Lewis for executing the Writ of Ejectment issued by Magistrate Judge Graves. As stated above, plaintiff contends that the action was stayed because he served the notice of appeal on Willie Dean Reaves on May 11, 2004, at 906 North Smith Street, Mullins, South Carolina. (See plaintiff's memorandum p. 11). A review of the Notice of Civil Appeal that plaintiff attached as Exhibit D, appealing the Writ of Ejectment that was entered on May 10, 2004, by Magistrate Graves, reveals that it was not filed until May 12, 2004. Further, there is no evidence or allegations that Constable Lewis or Magistrate Graves were aware of the appeal at the time Constable Lewis executed the Writ of Ejectment on May

11, 2004. Constable Lewis was executing the Writ of Ejectment as required of her by South Carolina Statute. Accordingly, Lewis is entitled to quasi-judicial immunity from suit. Therefore, it is recommended that defendants' motion for summary judgment be granted in regards to this issue.

## VI.  CONCLUSION

Based on the above reasons, it is recommended that defendants' motion for summary judgment be GRANTED in that plaintiff lacks standing to bring this action. In the alternative, it is RECOMMENDED that defendants' motion for summary judgment be granted based on judicial immunity and quasi-judicial immunity as discussed above.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 24, 2006
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

-13-

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503
