UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| REVEREND FRANKLIN C. REAVES, | ) | Civil Action No. 4:04-1543-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | REPORT AND |
| | ) | RECOMMENDATION |
| LEVONE GRAVES, Individually; MISTY L. LEWIS, Individually; RUSSELL BASS, Individually; and CHARLES WATSON, Individually, | ) ) ) ) | |
| Defendants. | ) ) | |

On July 22, 2004, Defendants Russell Bass (Bass) and Charles Watson (Watson) filed a Motion to Dismiss, or in the alternative, to Set Aside Default and to Permit the Enlargement of Time to Answer or Otherwise Respond (Document # 11). Because Plaintiff is proceeding pro se, he was advised, pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' Motion to Dismiss could result in dismissal of his Complaint. Plaintiff did not respond to the Motion.

On February 11, 2005, the undersigned entered a Report and Recommendation (Document # 18), recommending that the Motion be granted in part and denied in part. Specifically, the undersigned recommended that Defendants' Motion to Dismiss the complaint for insufficiency of process be denied but that the process be quashed and Plaintiff be allowed fifteen (15) days to perfect service of process. The undersigned reminded the parties of the provisions of Rule 4(d)(2) of the Federal Rules of Civil Procedure relating to waiver of service. Neither Plaintiff nor Defendants filed objections to the report.

-1-

On March 3, 2005, the district judge entered an Order (Document # 19) adopting the Report and Recommendation, denying in part the Motion to Dismiss the complaint for insufficiency of process, quashing the attempted service of process upon Defendants Bass and Watson and allowing Plaintiff fifteen (15) days to properly perfect service of process upon Defendants Bass and Watson. The district judge again reminded the parties of the provisions of Rule 4(d)(2) of the Federal Rules of Civil Procedure relating to waiver of service.

More than two years have passed and Plaintiff has failed to file proof that Defendants Bass and Watson were properly served within the fifteen days provided in the Order or that he requested that Defendants waive service pursuant to Rule 4(d)(2), Fed.R.Civ.P.

Rule 4(m), Fed.R.Civ.P., provides in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Plaintiff failed to serve the complaint on Defendants Bass and Watson within 120 days of filing. Therefore, this action should be dismissed pursuant to Rule 4(m), Fed.R.Civ.P.

In the alternative, this action should be dismissed for failure to prosecute. A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

    (1)    the degree of plaintiff's responsibility in failing to respond;

    (2)    the amount of prejudice to the defendant;

    (3)    the history of the plaintiff in proceeding in a dilatory manner; and,

    (4)    the existence of less drastic sanctions other than dismissal.

<u>Davis v. Williams</u>, 588 F.2d 69 (4th Cir. 1978).

In the present case, Plaintiff is proceeding <u>pro se</u> so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that Defendants Bass and Watson were not served as required by the Order of March 3, 2005.  Furthermore, Defendants Bass and Watson would be extremely prejudiced if they were required to participate in this action when Plaintiff has failed to comply with an Order that was entered over two years ago.  No other reasonable sanctions are available.   The undersigned concludes Plaintiff has abandoned his lawsuit. Thus, dismissal pursuant to Rule 41(b) is appropriate.

For the reasons stated above, it is recommended that this case be dismissed pursuant to Rule 4(m), Fed.R.Civ.P.  In the alternative, it is recommended that this action be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.[1]


July 19, 2007                                    s/Thomas E. Rogers, III
Florence, South Carolina                     Thomas E. Rogers, III
                                                     United States Magistrate Judge


**The parties' attention is directed to the important notice contained of the following page.**

---

[1] The remaining Defendants have previously been dismissed from this case.